IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 96-20425
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP RAY WATKINS,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the
Southern District of Texas
(CR-H-95-301)

———————————

January 16, 1997

Before JOHNSON, GARWOOD, and WIENER, Circuit Judges.

PER CURIAM:[*]

Phillip Ray Watkins appeals his conviction of conspiracy to possess with intent to distribute crack cocaine and aiding and abetting the possession of crack cocaine with intent to distribute. Watkins contends that the evidence was insufficient to support his conviction.

In reviewing the sufficiency of evidence to support a conviction, the Court "must determine whether viewing the evidence

———————————

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and inferences therefrom 'in a light most favorable to the jury's guilty verdict[], a rational trier of fact could have found [the] defendant[] guilty beyond a reasonable doubt.'" <u>United States v. Payne</u>, 99 F.3d 1273, 1278 (5th Cir. 1996)(quoting <u>United States v. Velgar-Vivero</u>, 8 F.3d 236, 239 (5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1865 (1994)). Circumstantial evidence alone may prove the existence of a conspiracy. <u>United States v. Dean</u>, 59 F.3d 1479, 1485 (5th Cir. 1995), <u>cert. denied</u>, 116 S. Ct. 747 (1996). Some circumstances, if considered individually, may be insufficient to establish guilt; however, those same circumstances, if considered collectively, could be sufficient evidence of guilt. <u>See</u> <u>United States v. Lechuga</u>, 888 F.2d 1472, 1476 (5th Cir. 1989).

Thus, after thoroughly reviewing the record in the present case, we hold that the evidence is sufficient for a reasonable jury to find Watkins guilty beyond a reasonable doubt.

AFFIRMED.